**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Junior ST. FLEUROSE, Defendant–Appellant.**

**No. 15–13490
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 9, 2016.

---

Lisa Tobin Rubio, Aileen Cannon, Eloisa Delgado Fernandez, Wifredo A. Ferrer, Andrea G. Hoffman, Ilham Aryan Hosseini, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Ricardo Bascuas, University of Miami School of Law, Coral Gables, FL, Michael Caruso, Federal Public Defender, Joaquin E. Padilla, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Junior St. Fleurose appeals his 41–month sentence, imposed after pleading guilty to five counts of theft of government property, in violation of 18 U.S.C. § 641. On appeal, St. Fleurose challenges the district court's calculation of his criminal history score. After review, we affirm.

## I. BACKGROUND

### A. Offense Conduct

St. Fleurose's federal convictions arise out of tax refund fraud St. Fleurose engaged in while working as a tax preparer. Specifically, between January 2010 and July 2011, St. Fleurose deposited into his personal business bank accounts at Chase Bank and Woodforest National Bank fraudulently obtained U.S. Treasury Department tax refund checks and wire transfers, as well as stolen and forged Refund Application Loan checks. In total, St. Fleurose converted $418,679.66 and affected 70 taxpayer victims. The main victim was the Internal Revenue Service ("IRS"), which sought $112,665.95 for the five tax refunds either processed by the IRS or stolen by St. Fleurose that were deposited in his personal bank account. These five fraudulent obtained refunds were charged in the five counts of St. Fleurose's indictment.

### B. Presentence Investigation Report

St. Fleurose's presentence investigation report ("PSI") recommended, *inter alia:* (1) a 14–level increase in St. Fleurose's offense level because he was responsible for a loss amount of more than $400,000 but less than $1million, pursuant to U.S.S.G. § 2B1.1(b)(1)(H); and (2) a total offense level of 21.

The PSI assigned St. Fleurose 2 criminal history points, 1 point for a 2011 Florida conviction for driving under the influence and 1 point for 2011 Florida convictions for fraud, grand theft in the third degree, and cashing defrauded and worthless checks. These latter fraud and theft convictions sprang from a state investigation of suspicious deposits of tax return refunds into St. Fleurose's personal account at CitiBank. The PSI did not include the total number of victims or the number or dollar value of deposits, but stated that, between April 15 and April 22, 2011, "five other" tax return refunds totaling approximately $50,000 were deposited into St. Fleurose's CitiBank account. The 1 criminal history point for St. Fleurose's 2011 Florida fraud and

theft convictions bumped St. Fleurose's criminal history category from I to II. *See id.* U.S.S.G. ch. 5, pt. A, Sentencing Table.

With a total offense level of 21 and a criminal history category of II, the PSI recommended an advisory guidelines range of 41 to 51 months' imprisonment. Without the second criminal history point, St. Fleurose's advisory guidelines range would have most likely been 37 to 46 months' imprisonment. *See id.*

## C. Sentencing

At sentencing, St. Fleurose objected to his receiving 1 criminal history point for the 2011 Florida fraud and theft convictions, arguing that these convictions were not a "prior sentence," under U.S.S.G. §§ 4A1.1 and 4A1.2(a), but rather part of the relevant, though uncharged, conduct in his federal case, under U.S.S.G. § 1B1.3(a)(2). The district court overruled St. Fleurose's objection, adopted the PSI's guidelines calculations, and calculated an advisory guidelines range of 41 to 51 months. The district court explained, however, that "for the sake of judicial economy," it would calculate "the correct guideline sentence," but also would "impose a sentence independent of the guidelines" based on what the court thought was reasonable "under all the facts, guideline or not."

In mitigation, St. Fleurose's counsel argued for a sentence of house arrest and probation, pointing out that he had no further criminal history after his arrest in 2011, successfully completed his state probation, was working, and had a strong support network of family and friends. The district court heard personally from St. Fleurose, who expressed remorse for his actions. St. Fleurose explained that he was foolishly tempted by a friend's offer of a way to make a quick buck during hard times after his wife had a new baby.

The district court confirmed with the government that, although there were 70 individual taxpayer victims, the IRS was the only victim seeking restitution because the IRS had paid the refunds owed to the 70 taxpayer victims. The district court acknowledged that it had heard some good things about St. Fleurose, including his remorse and his rehabilitation efforts, but stressed that there were "societal interests" to be considered as well. The district court stressed that the 70 taxpayer victims "had their refunds hijacked and were probably substantially disrupted in their financial affairs," and that it would have taken considerable effort to identify who the proper taxpayers were and how much they were owed and additional time to get their refunds paid. The district court found that St. Fleurose's offenses involved "certainly serious criminal conduct that impacted a number of innocent individuals that has to be taken into account."

The district court stated that it had considered the parties' statements, the PSI with the advisory guidelines, and the 18 U.S.C. § 3553(a) sentencing factors and sentenced St. Fleurose to concurrent 41–month sentences on all five counts. After the district court imposed a total 41–month sentence, St. Fleurose renewed his objection "to the guideline calculation" and objected to the sentence imposed as substantively and procedurally unreasonable. The district court responded that "the sentence that I've imposed is a sentence independent of the guideline calculation in the event that you prevail on that point on appeal," and that the court "believe[d] the 41–month sentence [was] a reasonable sentence."

## II. DISCUSSION

On appeal, St. Fleurose argues that the district court erred in assigning one criminal history point to his 2011 Florida fraud and theft convictions and should have instead considered them as relevant conduct for guidelines calculations purposes. After review, we conclude that any error in treating St. Fleurose's Florida fraud and theft convictions as prior criminal history rather than relevant conduct was harmless and that a remand for resentencing is unnecessary.

"After the Supreme Court's decisions in *Booker* and *Gall,* the district courts are still required to correctly calculate the advisory Guidelines range." *United States v. Livesay,* 525 F.3d 1081, 1089 (11th Cir. 2008).[1] However, "[t]he Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene,* 470 F.3d 1347, 1349 (11th Cir.2006) (quotation marks omitted); *see also Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992) ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.,* that the error did not affect the district court's selection of the sentence imposed.").

Accordingly, this Court need not reach disputed guidelines issues if, as here, the district court has stated that "the guidelines advice that results from the decision of those issues does not matter to the sentence imposed after the § 3553(a) factors are considered," and this Court concludes that "the sentence imposed through the alternative or fallback reasoning of § 3553(a) [is] reasonable." *Keene,* 470 F.3d at 1349. "In determining whether [the sentence imposed] is reasonable we must assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Id.; see also United States v. Dean,* 517 F.3d 1224, 1232 (11th Cir. 2008) (applying *Keene* and concluding that, assuming the district court erroneously calculated the defendant's guidelines range, the sentence nevertheless "was reasonable and stands despite the disputed guidelines issue").

Here, even assuming the district court erred in finding that St. Fleurose's Florida fraud and theft convictions were sufficiently dissimilar from his federal offenses to constitute a prior sentence under U.S.S.G. § 4A1.2(a) rather than relevant conduct under U.S.S.G. § 1B1.3(a)(2), the error was harmless. As the district court explained clearly and plainly, it would have imposed the same 41–month sentence even if it had sustained St. Fleurose's objection and removed the additional criminal history point.[2] Under this scenario, the adviso-

---

1. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

2. St. Fleurose acknowledges that it is unclear from the record whether his total offense level would have remained 21 if the conduct underlying his Florida fraud and theft convic-

tions had been included as relevant conduct, as the total number of victims and the loss amount from the state convictions was not clearly stated. Thus, it is at least possible that St. Fleurose's offense level, and hence his guidelines range, could have been higher rather than lower had he been held accountable for the state conduct. However, for purposes of this appeal, we give St. Fleurose the

ry guidelines range would have been 37 to 46 months, and St. Fleurose's 41–month sentence still would have fallen within that range. Furthermore, in light of the 18 U.S.C. § 3553(a) factors and the record, we cannot say that the district court's chosen sentence, in the middle of the assumed advisory guidelines range of 37 to 46 months, is unreasonable. The sentence was well below the statutory maximum sentence of ten years, 18 U.S.C. § 641, and the offense resulted in substantial loss, affecting 70 taxpayers in addition to the IRS. Perhaps tellingly, St. Fleurose does not even attempt to make a reasonableness argument on appeal.

Instead, St. Fleurose's argues that we are not bound by *Keene* because it contravenes *Booker's* requirement that the district court correctly calculate the advisory guidelines range. We are not persuaded by this argument. Nothing in *Booker* or its progeny suggests that appellate courts must always vacate sentences and remand for resentencing if there is a guidelines calculation error, even if that error is harmless and the chosen sentence is reasonable. In any event, *Keene,* which postdates and explicitly applies *Booker,* is binding precedent that has not been overruled or abrogated. *See United States v. Archer,* 531 F.3d 1347, 1352 (11th Cir.2008) (explaining that under our prior panel precedent rule, subsequent panels are bound by the holding of a prior panel "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc* ").

Citing *United States v. Zabielski,* 711 F.3d 381, 389–90 (3d Cir.2013), St. Fleurose contends that one of our sister Circuits has "rejected *Keene's* blanket approach." To the contrary, in *Zabielski,* the Third Circuit refused to remand for

benefit of the doubt that his total offense level

resentencing because it was convinced any error in applying a disputed threat-of-death guidelines enhancement was harmless based on the sentencing court's statements during the sentencing hearing that indicated "a high probability" it would have imposed the same sentence irrespective of that guidelines enhancement. 711 F.3d at 388–89. In so doing, the Third Circuit cited and discussed *Keene* with approval, suggesting "[f]or the benefit of future cases," that "[a]n explicit statement" from the district court "that it would have imposed the same sentence under either guidelines range would" "obviate questionable appeals." *Id.* at 389. That is exactly what happened at St. Fleurose's sentencing.

**AFFIRMED.**

would have remained the same.